STANDARD SILK DYEING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11694.  Promulgated December 19, 1927.

*Paul F. Myers, Esq.*, for the petitioner.
*Donald D. Shepard, Esq.*, for the respondent.

650

**OPINION.**

ARUNDELL: From the testimony introduced at the hearing we are convinced that the growth and success of the petitioner corporation is primarily due to the competency and resourcefulness of its officers and their system of superintending every phase of the business personally instead of intrusting such duties to subordinates. This practice saved the petitioner the expense of paying high salaries to chemists, purchasing men, foremen, technicians and others to do or supervise the work of the various branches of the business and enabled it to economize and reduce claims for inferior workmanship to a minimum. All of the officers were experienced dyers and finishers before the corporation was organized and were qualified to supervise the work of any department of its business.

The Commissioner questions only the reasonableness of the salaries and finds that these officers were not worth $50,000 each, but only $40,620. He disallows as a deduction the difference between what was actually paid and what he has determined to be reasonable. We find no evidence in the record that warrants the substitution of the Commissioner's judgment for that of the petitioner's board of directors, even though it be in the matter of authorizing their own salaries. The amounts paid appear reasonable and we think their deduction should be allowed.

While the payment of large salaries to officers of a corporation who own and control all of its stock may well prompt an inquiry into the question of whether the amount paid as salary is such in fact rather than a distribution of profits in the guise of salary, still that question was not raised by the Commissioner and no facts are present in the record which would lead us to that conclusion.

The errors alleged with respect to the reduction of invested capital cn account of prior years' taxes are disposed of by section 1207 of the Revenue Act of 1926, except insofar as a change in invested capital for 1921 may result from the additional allowance of salaries for 1920, which may be settled under Rule 50.

*Judgment will be entered on 10 days' notice, under Rule 50.*

Considered by LANSDON, STERNHAGEN, and GREEN.